CHARLES E. WARE & another, trustees, *vs.* CITY OF FITCH-
BURG & another.

Worcester.    September 29, 1908. — October 21, 1908.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Charity. Trust. Agency. Municipal Corporations. Constitutional Law. Bur-*
*bank Hospital. Fitchburg.*

In this Commonwealth the Legislature have the power to control cities in their
administration of public charities, especially with the formally expressed assent
of the city by its acceptance of the statute making the provision, by prescribing
who shall be the officers and agents to whom such administration shall be en-
trusted and the mode of their selection, where these matters are not provided for
in the instrument creating the trust.

Gardner S. Burbank by his will gave to the city of Fitchburg a fund for the
founding and maintaining of a hospital. St. 1890, c. 422, which recited the fact
of this gift and quoted in full the residuary clause of the will, created a corpora-
tion by the name of the Burbank Hospital "to enable the inhabitants of said
city of Fitchburg to receive the benefits of said generous bequest of said testa-
tor and effectually to realize and meet the benevolent intentions expressed in
his said will." The statute provided for a board of trustees, who, with the
exception of certain members *ex officiis,* should be self perpetuating, and who
should report annually to the city council with an account of receipts and
expenditures. Further provisions of the statute were as follows : "This act
shall take effect whenever it shall be accepted by a concurrent vote of the
board of aldermen and common council of the city of Fitchburg. Nothing
in this act contained shall be held to alter or impair any trust created by
said will. And the corporation hereby created, acting through its trustees
and proper officers, shall be deemed the agent of said city of Fitchburg for
the proper execution of all trusts arising under the provisions of said will.
And nothing in this act contained shall be construed as releasing the city
of Fitchburg from any obligation arising from the acceptance of said bequest
under said will, or from any condition made therein." The city accepted the
statute in the manner provided therein. Later the trustees under the will of
the testator brought a bill for instructions as to whom they should pay over
the trust fund, making the hospital corporation and the city defendants. The
city contended that the statute was unconstitutional as an attempt to exercise
the judicial power, contrary to art. 30 of the Declaration of Rights, by removing
one trustee and appointing another, and also that the hospital corporation could
not be regarded as its agent against its consent and without power on its part to
revoke the authority. *Held,* that the title of the city to the charitable fund was
not interfered with by the provisions of the statute, that the city, retaining the
title to the property and its position as trustee, must act through some instru-
mentality, and that the Legislature had provided what they deemed to be a
proper one for the purpose, which moreover had been accepted by the city, and
that the city could not revoke the authority of the hospital corporation to act
as its agent, as might be done between natural persons who are *sui juris ;*

therefore, that the plaintiffs should pay over the trust fund in their hands to the Burbank Hospital as the agent of the city of Fitchburg, upon its giving them proper acquittance and discharge therefor in the name of the city.

BILL IN EQUITY, inserted in a common law writ of the Supreme Judicial Court dated May 26, 1908, by the trustees under the will of Gardner S. Burbank, late of Fitchburg, against the city of Fitchburg and the Burbank Hospital, a corporation created by St. 1890, c. 422, praying, 1, that the plaintiffs might be granted the advice and aid of the court in the execution of the trusts with which they were charged, and, 2, that the defendants might be ordered to interplead and settle between themselves their rights in respect of the trust fund created under the will of Gardner S. Burbank for the purpose of founding and maintaining a hospital.

The following stipulation was signed by the counsel of all the parties: " It is hereby stipulated that this bill in equity, if improperly presented as a bill of interpleader, may be considered by the court as a bill for instructions, and it is further stipulated and agreed that the cause may be reserved upon the bill and answers for the consideration of the Supreme Judicial Court."

The case came on to be heard before *Hammond,* J., who reserved it upon the pleadings and the stipulation of the parties for determination by the full court.

St. 1890, c. 422, is as follows:

" An Act relating to the establishment of a hospital for the inhabitants of the city of Fitchburg.

" Whereas, Gardner S. Burbank late of the city of Fitchburg, deceased, in and by his last will and testament bearing date April twelfth, eighteen hundred and seventy-five, and proved and allowed at the probate court holden at Worcester within and for the county of Worcester on the sixth day of March, A. D. eighteen hundred and eighty-eight, did make provision for founding and maintaining a hospital within said city of Fitchburg and for the use of all its inhabitants, by a generous bequest, now amounting to more than four hundred and thirty thousand dollars. Now, therefore, to enable the inhabitants of said city of Fitchburg to receive the benefits of said generous bequest of said testator and effectually to realize and meet the benevolent intention expressed in his said will, therefore, —

"Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows :—

"Section 1.    Thornton K. Ware, George F. Fay, Amasa Norcross, Rodney Wallace, Charles T. Crocker, James Phillips, Jr., George Jewett, George D. Colony, Frederick H. Thompson, Benjamin D. Dwinnell, John J. Sheehan, Elliott N. Choate, Henry A. Willis, Harris C. Hartwell and Harrington Sibley, all of said Fitchburg, and their successors who shall be residents therein, are hereby made a corporation by the name of the Burbank Hospital, for the sole purpose of establishing and maintaining a public hospital for the use of the inhabitants of the said city and others who may be admitted thereto under the provisions of said will who may require medical and surgical treatment.

"Section 2.    Said corporation shall have authority for the purpose aforesaid, and no other, to hold real and personal estate to the amount of eight hundred thousand dollars.

"Section 3.    The mayor of the city of Fitchburg, the president of the common council and the city treasurer, severally for the time being, shall be trustees ex-officiis during the terms of their respective offices, and together with the corporators above named shall constitute the board of trustees, of whom the mayor shall be ex-officio chairman, and whose terms of office except as above provided shall be as follows: The trustees shall in the month of January in the year eighteen hundred and ninety-one elect five of their members whose terms of office are not fixed as above, who shall hold for the term of one year from the first day of February in the year eighteen hundred and ninety-one, and five of their own number who shall hold for the term of two years from said first day of February, and the remaining five shall be elected to hold for the term of three years from the said first day of February, and who shall severally hold for the terms for which they are elected and until their successors are chosen, and thereafter each class in succession for the period of three years.    Six members of the board shall constitute a quorum except in the election or removal of trustees, when a majority of the board shall be required.    Whenever a vacancy shall occur in the board of trustees by reason of the death, resignation or other-

wise of the members so elected, the remaining trustees shall fill the vacancy for the unexpired term. If the board of trustees shall fail for three months to elect its members in accordance with the provisions of this act, the city council of the city of Fitchburg shall forthwith proceed to an election by concurrent vote. No member of the board as such shall receive compensation for his services. And the city of Fitchburg is hereby authorized and empowered to place in trust in the hands of the trustees of said corporation all funds, gifts and bequests, which are or may be held by it for the purpose of establishing and maintaining said hospital, especially all sums it may from time to time receive from the trustees appointed under the will of Gardner S. Burbank late of said Fitchburg, deceased. And said corporation shall, upon the acceptance of this act by the city council as hereinafter provided, receive and hold all past and future bequests and gifts that may be made for the maintenance of said hospital, and the same' shall be appropriated, held and used by said corporation for the sole use and purpose aforesaid as a trust in behalf of and for the inhabitants of said city, and to such other persons as may be permitted to enjoy the benefits of said hospital in pursuance of the provisions of said will. And said trustees shall render to the city council annually in the month of January a report of their proceedings, with a statement of the condition of the hospital, the property and funds pertaining to the same, with an accurate account of all receipts and expenditures, together with such other information or suggestions as they may deem desirable or the city council may at any time require. And said trustees shall in behalf of said city carefully and considerately carry into execution the generous plan of the testator as contemplated by the said will.

"Section 4. And said trustees shall appoint a treasurer, and shall require of him a bond with satisfactory sureties in the penal sum of not less than twenty-five thousand dollars for the faithful discharge of his duties, and his books of accounts and vouchers shall at all times be open to the trustees aforesaid, or any one of them.

"Section 5. The trustees shall appoint a clerk whose duty it shall be to keep a full and fair record of the proceedings of the board, and to discharge such other duties as they shall from time

to time prescribe. The compensation of the treasurer and clerk shall be fixed by the board of trustees.

" Section 6. The trustees shall have full power to elect such other officers as they may from time to time think necessary or expedient, and to determine and appoint the tenure of their offices, and of those of the treasurer and clerk; to remove any trustee who shall be incapable through age, infirmity or otherwise for the discharge of his duties as said trustee, or who by unreasonable absence from the meetings of the board shall fail to discharge the duties of his office, and generally to do all acts and things necessary or expedient to be done for the purpose of carrying into full effect the provisions and purposes of this act.

" Section 7. It shall be the duty of the trustees to safely and securely invest, or to hold invested, the trust funds derived under said will or otherwise, and they shall have regard at all times to all the provisions of said will affecting said trust and the desire of the testator as expressed therein, and particularly to the suggestions made in the following extract therefrom : —

" Extract from the will of Gardner S. Burbank.

" 'And the remainder of said principal not hereinbefore disposed of under the preceding provisions of this will I direct my trustees to pay over to the city of Fitchburg as far as and as fast as it is released from the charges and annuities hereinbefore created, for the founding and maintaining of a hospital for the care of the sick. And while I do not wish to embarrass this gift with provisions and restrictions, but desire that the city shall carefully and considerately carry my plan into execution, believing that founders of benevolent institutions like the one I contemplate often create great difficulties by endeavoring to settle in advance the details of the work they have projected, still I wish to indicate in general terms two purposes which I desire to have executed. First: — I desire that a substantial and commodious hospital building shall be erected; and as I trust that my charity may survive and do good to the poor and sick for many generations, and also believe that the city of Fitchburg will in time be a large and prosperous city, I would suggest that the sum of at least one hundred thousand dollars be devoted to the purchase of the necessary land and the erection of the struc-

ture. And I also request and direct that while those who are able to pay for the services rendered them in the hospital may be subjected to such moderate and reasonable charge as is usual in such cases in similar charitable institutions, those on the other hand who are in poverty and sickness shall ever be received and cared for kindly and tenderly " without money and without price " and without regard to color or nationality. It is by the request of my wife, whose good judgment has so greatly aided me in all the affairs and purposes of my life, that I was led to make the foregoing provision for the foundation of a hospital.'

" Section 8. This act shall take effect whenever it shall be accepted by a concurrent vote of the board of aldermen and common council of the city of Fitchburg.

" Section 9. Nothing in this act contained shall be held to alter or impair any trust created by said will. And the corporation hereby created, acting through its trustees and proper officers, shall be deemed the agent of said city of Fitchburg for the proper execution of all trusts arising under the provisions of said will. And nothing in this act contained shall be construed as releasing the city of Fitchburg from any obligation arising from the acceptance of said bequest under said will, or from any condition made therein. And the said Thornton K. Ware is hereby authorized and empowered to prescribe the time and place for the holding of the first meeting of said trustees and to notify them thereof.

" Approved June 19, 1890."

*C. F. Baker*, (*E. W. Baker* with him,) for the plaintiffs.

*G. K. Hudson*, for the city of Fitchburg.

*C. F. Choate, Jr.*, for the Burbank Hospital.

SHELDON, J. In order to understand rightly the provisions of St. 1890, c. 422, it is necessary to have in mind the circumstances under which that act was passed.

Gardner S. Burbank, by his last will, had bequeathed the residue of his estate, subject to the contingency of his daughter's leaving children and to certain conditions stated in his will and codicils, to the city of Fitchburg for the founding and maintaining of a hospital. The result of this disposition was of course, upon the taking effect of the legacy, to create a charitable trust.

*Burbank* v. *Burbank*, 152 Mass. 254, 255, 256. *Jackson* v. *Phillips*, 14 Allen, 539, 551 *et seq.*, and cases there cited. And the city of Fitchburg was made the trustee of this fund, and charged with the duty of administering it. But the testator did not do as the creator of the charitable trust considered in *Cary Library* v. *Bliss*, 151 Mass. 364, had done, by prescribing any particular method of administering the charity which he proposed to found. He expressly declared that he did not " wish to embarrass this gift with provisions and restrictions, but desired that the city " should " carefully and considerately carry " his " plan into execution "; and he simply expressed a desire that a substantial and commodious hospital building should be erected at a cost of at least $100,000, that a moderate and reasonable charge should be made to those who were able to pay for the services to be rendered to them in the hospital, but that those who were in poverty and sickness should be received and cared for kindly and tenderly, " ' without money and without price,' and without regard to color or nationality." All the details of the management of the fund were left to the untrammelled discretion of the city as trustee.

But he was of course aware of the fact that the city of Fitchburg could act as the trustee of this fund and could exercise the wide discretion which he had given to it only through the medium of its officers and agents. The charter of the city, St. 1872, c. 81, provided in § 2 that the administration of all its " fiscal, prudential and municipal affairs," together with its government, should be vested in its mayor, board of aldermen and common council, and in § 12 that the city council should have care and management of all city property. Apart from the principle that the testator must be regarded as acquainted with all the general laws of this Commonwealth, the presumption is strong that as a citizen of Fitchburg and the founder of this charity he was familiar with these provisions. And he knew of course that the full control over the city in its character of a municipal corporation and one of the instrumentalities of government was vested in the State; and that the Legislature at any time, at its mere will and pleasure, as it might deem to be for the public good, could alter the frame of the city government, abolish existing offices and substitute new ones, and

change the duties, burdens and responsibilities and the mode of election or appointment of all its officers and agents. *Stone* v. *Charlestown*, 114 Mass. 214, 224, 228. *Commonwealth* v. *Plaisted*, 148 Mass. 375, 383, *et seq. Kingman, petitioner*, 153 Mass. 566, 572. *Prince* v. *Crocker*, 166 Mass. 347. *Hodgdon* v. *Haverhill*, 193 Mass. 406, 410. He doubtless considered that the safety of his charity was sufficiently guaranteed by the fact that it could not constitutionally be undone or destroyed, and that if the city of Fitchburg should lose its corporate existence or become by law incapable of administering the trust, the courts would preserve the existence of the charity and if necessary new trustees would be appointed for its management. *Mount Hope Cemetery* v. *Boston*, 158 Mass. 509. *Hubbard* v. *Worcester Art Museum*, 194 Mass. 280, 288. *Montpelier* v. *East Montpelier*, 27 Vt. 704, and 29 Vt. 12.

But there were some manifest inconveniences in the administration of a trust like this by the officers of a city government, chosen for different purposes, perhaps merely for political reasons, and subject to change at every municipal election. There were, so far as appears, no officers of the city who, without interference with their other duties, could receive and manage this fund or properly carry on and administer the hospital. There was no department of the city government authorized and adapted to take charge of this matter. It may be that the mayor and the city council, under their general powers of administration could have provided for the creation of such a department and for the appointment or election of such officers; but this was not attempted to be done. Instead of this, the Legislature, acting under its general powers of control over all municipal governments, passed the statute now under consideration.

The preamble of this statute, after reciting the bequest of Mr. Burbank which then amounted to more than $430,000, declares its purpose to be " to enable the inhabitants of said city of Fitchburg to receive the benefits of said generous bequests of said testator and effectually to realize and meet the benevolent intention expressed in his said will." For this purpose it created a corporation, by the name of the Burbank Hospital, composed of fifteen citizens of Fitchburg, who are named, and who, with

the mayor, the president of the common council, and the city treasurer, during the terms of their respective offices, were made the trustees of the corporation. The fifteen incorporators were to fill all vacancies in their own number; and if they failed to do so, such vacancies were to be filled by the city council of Fitchburg. The third section of the statute then proceeded as follows: " And the city of Fitchburg is hereby authorized and empowered to place in trust in the hands of the trustees of said corporation all funds, gifts and bequests, which are or may be held by it for the purpose of establishing and maintaining said hospital, especially all sums it may from time to time receive from the trustees appointed under the will of Gardner S. Burbank late of said Fitchburg, deceased. And said corporation shall, upon the acceptance of this act by the city council as hereinafter provided, receive and hold all past and future bequests and gifts that may be made for the maintenance of said hospital, and the same shall be appropriated, held and used by said corporation for the sole use and purpose aforesaid as a trust in behalf of and for the inhabitants of said city, and to such other persons as may be permitted to enjoy the benefits of said hospital in pursuance of the provisions of said will. And said trustees shall render to the city council annually in the month of January a report of their proceedings, with a statement of the condition of the hospital, the property and funds pertaining to the same, with an accurate account of all receipts and expenditures, together with such other information or suggestions they may deem desirable or the city council may at any time require. And said trustees shall in behalf of said city carefully and considerately carry into execution the generous plan of the testator as contemplated by the said will." It was further provided in § 7 that the trustees should safely and securely invest or hold invested the trust funds, and should have regard at all times to all the provisions of Mr. Burbank's will and his desire as expressed therein, and especially to the suggestions made by him in his will with respect to this hospital and its management, an abstract from the will being quoted at length in this section. Section 9 of the statute reads in part as follows: " Nothing in this act contained shall be held to alter or impair any trust created by said will. And the corporation hereby

created, acting through its trustees and proper officers, shall be deemed the agent of said city of Fitchburg for the proper execution of all trusts arising under the provisions of said will. And nothing in this act contained shall be construed as releasing the city of Fitchburg from any obligation arising from the acceptance of said bequest under said will, or from any condition made therein." And § 8 provides that the act shall take effect only when accepted by a concurrent vote of the board of aldermen and common council of the city of Fitchburg. It has been so accepted.

In our opinion, it is manifest that the purpose of this statute was to do away with any doubt of the power of the city of Fitchburg to accept this legacy and execute the trust thereby created, and also to provide a means whereby the city might, through the instrumentality of a board created and constituted its agent for that purpose, administer the trust in a proper manner, upon a consistent scheme, with due regard to the desires of the testator, and without risk of any sudden breaks or changes in the mode of administration by reason of any political or other overturns in the personnel of the city government that might be caused by the annual elections of mayor, aldermen and common council. Accordingly it was provided that only five of the trustees should vacate their positions each year, and that vacancies should be filled in the first instance by the remaining trustees, so that a proper permanence of management should be ensured, while sufficient facilities are afforded to the city government for supervision of their action and for securing a prompt redress of any possible maladministration or errors of judgment on their part by the provisions that the mayor, the president of the common council and the city treasurer for the time being shall be members of the board of trustees, and that the trustees shall make to the city council the annual report which is required by the statute. We find nothing in these provisions contrary to any article of the Declaration of Rights.

Nor can it be said that this act is unconstitutional because it takes away from the city the property which had become vested in it under the will of Mr. Burbank. Even if the statute had this effect, the objection would be cured by the fact that it was not to come into force until accepted by the city of Fitchburg,

and that it has been so accepted. The city could not complain of a taking of its property to which it had in terms assented. The principle upon which *Selectmen of Clinton* v. *Worcester Consolidated Street Railway*, 199 Mass. 279, was decided, would be applicable. But this was not the effect of the statute. There is nothing in the statute which takes away from the city its legal title in the fund. The provision that the city may place the fund in the hands of the trustees certainly does not have this result. The provision that the corporation shall receive and hold the fund, though if it stood alone its interpretation might be doubtful, cannot be construed as divesting the city of its title, when taken in connection with the requirements that they shall render a full annual report to the city council, " with such other information or suggestions [as] they may deem desirable or the city council may at any time require," that the trustees shall act " in behalf of the city in carrying into execution the plan of the testator," and that the corporation, " acting through its trustees and proper officers, shall be deemed the agent of said city of Fitchburg for the proper execution of all trusts " under Mr. Burbank's will. The Burbank Hospital is to act as the agent of the city of Fitchburg, as in *Drury* v. *Natick*, 10 Allen, 169, and just as another charitable corporation in *Burr* v. *Massachusetts School for the Feeble-Minded*, 197 Mass. 357, was found to have acted for the Commonwealth. We think it plain that the title of the city is not interfered with by the provisions of this statute.

Nor is the statute open to the objections which were found to be fatal to a somewhat similar act in *Cary Library* v. *Bliss*, 151 Mass. 364. As we have already seen, there is no taking of property here, as was the case there. There was no such particular method of administration provided for this charitable trust as was found there. No special persons were designated here to act as individual trustees. This founder was content to have his foundation managed by such officers or agents of the city as might from time to time be lawfully designated for that purpose; and we have already seen that in this Commonwealth the Legislature may, especially with the formally expressed assent of the city by its acceptance of the statute, prescribe who shall be such officers or agents and the mode of their selection. Such

decisions as *Evansville* v. *State*, 118 Ind. 426, and *State* v. *Denny*, 118 Ind. 449, do not state the law of this Commonwealth.

The argument that the Legislature has attempted in this act to exert a judicial power, contrary to art. 30 of the Declaration of Rights, by removing one trustee and appointing another, fails, because this is neither the intention nor the result of the statute. The city of Fitchburg, as we have seen, retains its legal title to the fund and its position as trustee. As it must act through some instrumentality, the Legislature has provided what it deemed to be a proper one for that purpose; and we of course could not revise that conclusion if we were disposed to do so. We need not consider whether the act would be unconstitutional if it did take away the trusteeship from the city and give it to the Burbank Hospital. *Stone* v. *Charlestown*, 114 Mass. 214, 228, 229. The existence of the conditions which have been imposed by the will upon the city is not of importance. The statute has made no alteration in the rights or liabilities of any one in respect to them. The trust is not affected; the personality of the trustee is not changed. The effect of the conditions remains unchanged. The result of their breach will be the same. The obligation of the city to comply with them, if there is such an obligation, is in no way increased or diminished. As was said in *Drury* v. *Natick*, 10 Allen, 169, already referred to, it is not to be presumed that the city will fail to carry out, to the extent of its legal powers, the wishes of its benefactor.

But the defendant city contends that the Burbank Hospital cannot be regarded as its agent, at any rate against its consent, and without power on its part to revoke the relation; that there cannot be a perpetual agency, or one which, as a mere delegated power, is not strictly subordinate to the control of the principal. As between natural persons who are *sui juris*, this is perfectly true. But the argument overlooks the power of the Legislature to control its cities in their public affairs and in their administration of public charities by controlling the selection of the officers or agents to whom these are to be entrusted. *Smith* v. *Wescott*, 13 L. R. A. 217. *Philadelphia* v. *Fox*, 64 Penn. St. 169. And see *Allen* v. *Macy*, 109 Ind. 559; *McGurn* v. *Board of Education of Chicago*, 133 Ill. 122. It is not necessary for us to determine exactly what are the limits of this legislative

power, or how far the doctrine laid down in *Park Commissioners* v. *Detroit,* 28 Mich. 228, and *People* v. *Hurlbut,* 24 Mich. 44, should be followed here.   See *Mount Hope Cemetery* v. *Boston,* 158 Mass. 509.   The acceptance of this statute by the city of Fitchburg makes such a determination immaterial.   The act considered in *Grogan* v. *San Francisco,* 18 Cal. 590, had not been accepted by that city.

It results from what has been said that the plaintiffs might safely pay over the funds in their hands either to the city of Fitchburg or to the trustees of the Burbank Hospital.   But in view of the fact that since the passage of St. 1890, c. 422, the only effect of a payment to the city would be to cast upon that municipal corporation the duty of paying at once the amount so received to the Burbank Hospital, and as it appears that the hospital has full power to receive the fund and to give to the plaintiffs acquittance and discharge therefor, and so that a payment to the trustees of the hospital is really a payment to the city, while it does not affirmatively appear that there is any officer or any other agent or representative of the city who at present has such power, we are of opinion that the plaintiffs should be instructed that they ought to pay over the trust fund in their hands to the Burbank Hospital as the agent in that behalf of the city of Fitchburg, upon its giving to them proper acquittance and discharge therefor in the name of the city.

*So ordered.*