The petitioners, trustees of the Caroline E. Ford and Martha A. Haden Home, and R. B. McRary, life tenant, filed a petition in the Superior Court of Davidson County for the sale of a certain part of the lands devised by Caroline E. Ford, in item 23 of her will appearing in the record. Testatrix died in the year 1909, and the life tenant, R. B. McRary, is still living.
The property devised for this trust, to provide a home for needy widows of Presbyterian ministers in the Presbyterian Church in the United States, consists of about ten acres, now within the residence portion of the city of Lexington. At the time of the death of testatrix it was part of a much larger tract of unimproved land. The portion devised for the trust included the dwelling-house, which is situated near the center of the ten acres, and the house is now old, out of repair, and hardly suitable for occupancy.
A city street, Second Avenue, has been opened up along one side *Page 754 
of the property, and has been improved, and the property has been assessed for such improvement $3,043.45.
Third Avenue extends into the ten acres and up near the residence, and has been opened beyond the property, and the city is proposing to connect the said streets by an extension across (706) the property, which requires that the dwelling-house be moved. This opening up of the streets will enhance the value of the property.
There is no money provided by the will to pay assessments. The life tenant declines to pay, and unless a fund is secured from the property or otherwise, the city will sell off at forced sale land sufficient for this purpose. To make sale of that part ordered to be sold will leave nearly five acres of land, which will be fully sufficient to carry out the purpose of the trust, and will further provide a sufficient fund to build upon the property some modern and suitable house for those who may desire to occupy the home.
The facts agreed are as follows:
1. That the petitioners filed their petition herein 25 July, 1921, in the office of the clerk of the Superior Court of Davidson County, and same was regularly docketed in the civil-issue docket of said court. That the facts set forth therein are correct, and that the copy of the will of Caroline E. Ford, Exhibit "A," attached thereto, is a correct copy of said will, and said petition is to be taken as part of these facts agreed.
2. That thereafter and during a regular term of the Superior Court of Davidson County, judgment was rendered in said cause by Webb, J., and same is made part of these facts agreed, as fully as if herein copied.
3. That thereafter, on 17 October, Joe V. Moffitt filed with George W. Mountcastle, commissioner, his bid for a part of the property ordered to be sold, and that part for which deed was tendered, offering to pay therefor the sum of $7,500.
4. That upon report of said bid, and after same had been filed for ten days, no advance bid having been offered, the sale was confirmed by judgment of Sam J. Smith, clerk of Superior Court, which judgment is made part of these facts agreed.
5. That after said judgment of confirmation, said George W. Mountcastle, commissioner, prepared and tendered to said Joe V. Moffitt a deed for said lot, copy of which is hereto attached marked Exhibit "A," and demanded payment of the price of $7,500, and said Joe V. Moffitt refused to accept said deed and pay the said price, alleging that the said commissioner could not by his deed convey a good title in fee simple to the said lot, to the said Joe V. Moffitt. *Page 755 
6. That said Joe V. Moffitt is now ready, able, and willing to accept the said deed for said lot and pay the purchase price therefor, if the said deed so tendered conveys a title in fee simple to said purchaser for the said lot.
Item 23 of the will is as follows:
"I give and devise to R. Baxter McRary, for the period of his natural life, that part of my home place bounded by Hargrave Street on the east, Robert Heir's line on the north, a line on the west so drawn as to include my grove, orchard, and spring (707) — this line to be parallel with Hargrave Street — and on the south by R. Baxter McRary's line. I direct that all the remaining part of my home place be sold, publicly or privately, as my executor hereinafter named may deem best, and the moneys arising from such sale, that is to say, the principal, shall be wisely and safely invested by my executor hereinafter named, and shall constitute a perpetual fund, the interest or income of which shall be paid into the hands of the said R. Baxter McRary for his exclusive use and benefit during the period of his natural life. At the death of R. Baxter McRary, I give and devise my said home place to the `Presbyterian Church in the United States' for and as a home for needy widows of Presbyterian ministers in said church; and it is my will that the principal referred to above in this item as arising from the sale of the remainder of my home place shall, after the death of R. Baxter McRary, revert to the trustees hereinafter named as a permanent endowment fund, in trust, for the purposes aforesaid, and the proceeds or income from said endowment fund shall be annually available and used for the maintenance of said home, which shall be known as the `Caroline E. Ford and Martha A. Haden Home,' and I appoint as trustees for said `home' and `endowment fund' the trustees of the First Presbyterian Church in Lexington, N.C. the pastor for the time being, together with one other Presbyterian minister, the first of whom shall be Rev. W. P. McCorkle; their successors to be chosen, as occasion may require, by the `General Assembly' of the Presbyterian Church in the United States."
At August Term, 1921, Webb, J., signed an order that the portion of land between Second Avenue West and Third Avenue West and the extension of the same to be sold at private sale by a commissioner. Joe V. Moffitt became the purchaser, and upon his failure to pay the purchase money, Webb, J., at December Term, 1921, made an order directing him to pay the money and accept the deed. Moffitt excepted and appealed. *Page 756 
The only question presented for decision is whether his Honor had power to make the order of sale. The purchaser declined to accept the commissioner's deed on the ground that the trust will not vest in the trustees until the termination of the life estate. Immediately upon the devisor's death McRary acquired a life estate and the trustees a vested remainder in the home place. His Honor ordered the sale upon the joint petition of the life tenant (708) and the remaindermen; and as the trust became effective as a vested remainder at the death of the testatrix, subject, of course, to the legal rights of the tenant for life, the purchaser has no valid reason for his refusal to accept the deed or to pay the purchase price. In Church v. Ange, 161 N.C. 315, Allen, J., said: "Courts of equity have long exercised the jurisdiction to sell property devised for charitable uses, where, on account of changed conditions, the charity would fail or its usefulness would be materially impaired without a sale." Lackland v. Walker, 52 N.W. 422; Brown v. BaptistSociety, 9 R.I. 184; Stanly v. Colt, 72 U.S. 119; Jones v. Habersham,107 U.S. 183; Fisher v. Fisher, 170 N.C. 381.
The judgment is
Affirmed.
Cited: Johnson v. Wagner, 219 N.C. 240; McKay v. PresbyterianFoundation, 228 N.C. 311.