## Decatur Morgan et al. v. Grand Prairie Seminary.

1. CHARITABLE USES—*The Statute of 43 Eliz., Chap. 4, is in Force in this State.*—The statute of 43 Eliz., Chap. 4, is in force in this State, and under that statute a bequest for the education of "boys who reside in the State of Illinois between the ages of twelve and eighteen years, who are unable to educate themselves," is a valid bequest for a charitable use, and not void for uncertainty.

2. EQUITY—*Has Power to Appoint Trustees to Administer a Charity.*—A court of equity has ample power to appoint trustees, with authority to administer a charity, and carry out a trust created by the terms of a will.

3. SAME—*Jurisdiction in Carrying into Effect Charitable Bequests.*—Courts of equity take jurisdiction in carrying into effect charitable bequests, however general are the purposes and objects intended, if sufficiently certain to be intelligible, and without regard to the fact of the existence of a trustee capable of holding the legal estate.

4. WILLS—*A Will Construed.*—Construing the will in controversy in this case as a whole and giving effect to each part, it would seem that the duty of the trustees and their connection with the fund does not end with the erection of the building, but they are to continue in the management of the fund and administration of the charity as well after the building is erected as before.

5. SAME—*Charities—Intention of the Testator.*—It is not the province of the courts to inquire into or determine whether the plan and object of a charity are the most judicious. Unless some rule of law is violated the intention of the testator must be respected and his wishes carried out, even though it is clear that some other plan or scheme would have been wiser and better. If the directions of the testator can possibly be carried out there is no authority in the court to construe them to be void.

6. SAME—*Charities—Insufficiency of Bequest.*—The insufficiency of the fund provided furnishes no reason for defeating a bequest, if the intention of the donor can, to some extent, be carried into effect; and a bequest for the establishment of a school, and the payment of teachers to be employed therein, is not void because provision is not made for fuel, janitor service and repairs.

7. SAME—*Bequest on Condition that City Donate Lot.*—A will provided for the establishment of a school, on condition that the city where it was to be located should donate a suitable lot. The lot was furnished, but whether the city used public funds to purchase the lot, or whether it was donated by citizens who desired the condition complied with, did not appear, on a bill to declare the bequest void. *Held*, that the donation may have been perfectly legal, and that the bequest ought not to be declared void because the testator may have contemplated an act beyond the power of the city.

**Bill,** for the construction of a will. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded, with directions. Opinion filed June 26, 1897.

HILSCHER & GOODYEAR, attorneys for appellants.

Here the benefit is to an indefinite class of persons, and the charitable use and the beneficiaries are both sufficiently

certain and are sufficiently described to indicate the intention of the testator. Neither is left to the judgment of the trustee or the court. The bequest, therefore, meets every requirement of the law to create a public charitable trust. 2 Pomeroy's Eq. Jur., 1019 and 1025; 2 Storey's Eq. Jur., 1169 *et seq.*

This will presents a much stronger case of a charitable bequest for educational purposes than many others in which such bequests have been upheld, as :

Gifts for the promotion of education, generally, or for the education of any designated class of persons in a town, district or State. Att'y Gen. v. Parker, 126 Mass. 216.

For the education and tuition of worthy, indigent females. Dodge v. Williams, 46 Wis. 70.

Educational purposes. Decamp v. Dobbins, 29 N. J. Eq. 36.

A devise to a county for the education of certain classes of children. Craig v. Secrist, 54 Ind. 419.

To defray the expense of educating poor children in a certain district. Birchard v. Scott, 39 Conn. 63.

A fund to be expended in the education of scholars of poor people in a certain county. Clement v. Hyde, 50 Vt. 716.

Charitable bequests are upheld and aided in this State by virtue of the Statute of 43 Elizabeth, Ch. 4, which is held to be in force in this State, and by reason of the general power of a court of equity, to extend its jurisdiction over such matters. Heuser v. Harris, 42 Ill. 425; Andrews v. Andrews, 110 Ill. 223; Starkweather v. Am. Bible Society, 72 Ill. 50; Crearar v. Williams, 145 Ill. 647; Taylor v. Keep, 2 Ill. App. 368.

That certainty which the law requires to make a private bequest good is not required to make a bequest to public charity good. Elements of uncertainty which would cause the one to fail would not cause the other to fail. This doctrine has been adopted by our Supreme Court. Heuser v. Harris, 42 Ill. 434.

The clear object of the bequest is education. The bene-

ficiaries are a fluctuating but definite class of boys. The words of the will "for the purpose of educating boys * * * between the ages of twelve and eighteen years," define the class and mean that education suitable to the class thus defined. The words " who reside in the State of Illinois * * * and who are unable to educate themselves," still further define the class of the beneficiaries. The bequest, therefore, so far as its objects and purposes and its contemplated beneficiaries are concerned, meets every essential requirement of certainty which a public charitable bequest need have. 2 Pomeroy Eq. Jur., 1019 to 1025; Perry on Trusts, 720; Dodge v. Williams, 46 Wis. 70.

" In carrying into execution a bequest to an individual, the mode in which the legacy is to take effect is deemed to be of the substance of the legacy; but when the legacy is to charity, the court of chancery will consider charity as the substance, and in such cases, if the mode fail, it will provide another mode by which the charity may take effect." Heuser v. Harris, 42 Ill. 434, and cases there cited.

The doctrine, as we understand it to be enforced in this State, will not permit a trust for charity, otherwise valid, to fail for want of a designated trustee. When property is thus bequeated to a person incapable of taking, or to a body uncertain, indefinite and fluctuating in its members, or to a body not in legal being, or even where there is no person or body indicated as the recipient of the legal title, but the property is merely directed to be applied to some designated charitable purpose, it will be upheld. Pomeroy Eq. Jur., 1026; Heuser v. Harris, 42 Ill. 425; Crearar v. Williams, 145 Ill. 652; Mills v. Newberry, 112 Ill. 133; Hunt v. Fowler, 121 Ill. 279.

When the purpose of a charity is clear and its objects lawful and its beneficiaries designated so as to be ascertainable, then the possibility, and not the probability, that it may be carried into effect is the only remaining requisite. The courts will not inquire whether the testator might not have

disposed of his property with greater wisdom. " It is not the province of the chancellor to inquire into or determine whether the plan and object of the charity are the most judicious." Gilman v. Hamilton, 16 Ill. 230.

" It is an established maxim of interpretation that the court is bound to carry the gift into effect, if it can see a general charitable intention, consistent with the rules of law, even if the particular manner indicated by the donor is illegal or impracticable." " The bequest is not void and there is no authority to construe it to be void, if by law it can possibly be made good." Perry on Trusts, 709.

In considering a question very similar to those raised in the bill as to the want of provision in the will for fuel, janitor, repairs, etc., our Supreme Court has said " we might admit even a conclusion that it (the trust property) never could become sufficient, and still it may not show a total failure of the charity; others may contribute, other means and funds may be obtained, and the end accomplished." Gilman v. Hamilton, 16 Ill. 228.

STEVENS, HORTON° & ABBOTT and KAY & KAY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Legrande L. Wells, a citizen of Watseka in this State, departed this life in 1883, leaving his last will and testament, which was duly filed, and admitted to probate in the County Court of Iroquois County, on October 20, 1883. Appellants were named as executors and trustees in the will, duly qualified and are still acting as such. The estate having been practically settled, except as to the disposition of a fund of about $30,000 provided for in the will, appellee filed its bill against appellants as such executors and trustees, praying a construction of the will, and a direction as to the disposition of this fund of $30,000, accumulated in the hands of the trustee. The latter portion of the fifth clause of the will, is the only one in controversy, and is as follows:

I further direct that my trustees and their successors manage my estate until it has accumulated a fund of at least $30,000, after setting aside a sufficient sum to pay all specific legacies, debts, etc., which shall form a fund known as the "Wells Fund," and shall be used in the following manner, to wit: If the city of Watseka will donate a suitable lot for such purpose within thirty days after being notified by said trustees, said trustees shall cause a building to be erected on said lot for the purpose of educating boys who reside in the State of Illinois, between the ages of twelve and eighteen. and who are unable to educate themselves, which shall cost not exceeding $5,000, and the balance of my estate in the hands of my said trustees, after the payment for said building, shall be kept at interest, and the net income, except $10 per year, set apart for the purpose of keeping my family burial lot in repair, shall be used for the purpose of paying teachers employed in said school; and I further direct my said trustees that in case the city of Watseka refuses or neglects for thirty days after being notified by the trustees that they are ready to carry out this provision in said will as to said school, then they shall pay the whole sum set apart for this purpose over to the finance commitee or trustees of Onarga Seminary, located at Onarga, Illinois, the net income of which shall be used to carry on said seminary, and shall be known as the "Wells Fund."

The bill alleges, and it is admitted by appellants, that appellee is the same institution and seminary designated in the will as "Onarga Seminary, at Onarga, Illinois." -

The bill further alleges that said fund has reached upward of $30,000 in the hands of said trustees, exclusive of all specific legacies.

The bill then proceeds as follows:

"That complainant is informed and believes and states that within the last thirty days and within thirty days after being notified that said fund had reached $30,000, the city of Watseka caused to be tendered to the trustees a deed for lots situated in the city of Watseka; that said lots were purchased by the city of Watseka and caused to be conveyed

by the owners, from whom purchased, directly to the trustees aforesaid. That complainant is informed that said trustees have signified the acceptance of the lots so tendered as aforesaid. Complainant avers that the said city of Watseka has no power or authority in law to furnish any lots whereon to erect a school of the character designated in said will, and that said trustees have no legal right, power or authority to receive or accept said lots or expend any money in the erection of a building thereon, as in said will suggested.

That it is the intention and purpose of said trustees to set apart and expend $5,000 in a building upon the lots so conveyed to them.

Complainant charges that said trustees have no right, power or authority under said will to expend any sum in the erection of a school building upon lots so attempted to be donated to them by the city of Watseka, or to take title to the lots as trustees. That no person is designated by said will to hold the title to said lots, nor is any person designated in said will to manage and control said fund after the expenditure of $5,000 in erection of a school building. That it is not provided that said fund shall remain in the hands of said trustees after the building of said house, nor is any disposition attempted to be made of the remainder of said fund. That the purpose of the remaining portion of said fund is to educate boys residing in Illinois between the ages of twelve and eighteen years, who are unable to educate themselves. Complainant avers that as soon as said building is erected the offices of said trustees and their connection with the fund cease. That will does not provide any one to determine what boys shall be educated in said building, does not provide that any one shall have control of the property or to say what teachers shall be hired or what their compensation shall be, does not provide means for operating the school except to use the interest to pay teachers, does not provide for heating or repairing the building, and does not designate any tribunal for that purpose. It is wholly uncertain and indefinite and can not be utilized unless the

court constructs the machinery and practically makes a will for the testator. Complainant avers that said bequest for a school building and a school for the purposes named is so uncertain as not to be enforced or upheld; that to give it validity the court would have to appoint trustees, provide for succession, and either divert the purposes expressed in the will for the use of the income to other purposes, or procure in some method the means of carrying on the school; to keep the property in repair, to heat it and to operate it as a school, also a tribunal to decide what boys in Illinois are unable to educate themselves. Complainant charges that the bequest for the purpose of erecting a building is so uncertain as to be void."

We have thus quoted from the bill at length, in order that the claims of appellee may be fully set forth.

It further appears from the bill that appellee is conducting a school for general educational purposes at Onarga, and has so carried it on for upward of thirty years in successful operation. And it is alleged that the purpose of the testator can be better carried out by turning the fund over to appellee who has demanded of appellants that they turn over the fund to it.

The contentions of appellee, as we understand them, are :

1st. That the bequest is void for uncertainty.

2d. That the trustees have nothing to do with the fund beyond the expenditure of $5,000 for the erection of a building, and that no one is designated to receive the balance of the fund, and manage it so as to carry out the objects of the bequest.

3d. That the court is without power to create the machinery to carry out the express intention of the testator with reference to the education of the boys designated.

4th. That the bequest is wholly incapable of enforcement or execution.

5th. That the will requires the city of Watseka to do, as a condition precedent, that which it has no power to do.

There was a demurrer to the bill, which being overruled by the court, and appellants abiding by their demurrer, a

decree was entered in favor of appellee, according to the prayer of the bill, and appellants were ordered to pay the fund over to appellee to be invested and disposed of according to the terms of the will in case the original bequest should fail.

Appellants prosecute their appeal to this court.

We think the court erred in overruling the demurrer to the bill and decreeing that the fund be paid to appellee.

By numerous decisions of our Supreme Court the statute of 43 Eliz., Chap. 4, is held to be in force in this State. Heuser v. Harris, 42 Ill. 425; Andrews v. Andrews, 110 Ib. 223; Crearar v. Williams, 145 Ib. 647.

· Under that statute it is clear that there was in the will under consideration a valid bequest for a charitable use, to wit : the education of " boys who reside in the State of Illinois between the ages of twelve and eighteen (years) who are unable to educate themselves." It was not void for uncertainty.

In the case of Heuser v. Harris, *supra*, the testator provided that one-half of the interest on the fund created should be used for the schooling of children in a certain school district, and the other half should go to the support of the poor° of Madison county. The bequest was sustained as a valid bequest for charitable uses. The reasoning of the court in- that case answers almost every objection raised by appellees in the case at bar.

Many cases might be cited where the objects of the charity were certainly as indefinite as those in this case, and yet they have been upheld. Att'y Gen'l v. Parker, 126 Mass. 216; Dodge v. Williams, 46 Wis. 70; Decamp v. Dobbins, 29 N. J. Eq. 36; Birchard v. Scott, 39 Conn. 63; Clement v. Hyde, 50 Vt. 716.

As to the second point, taking the will as a whole, and giving effect to each part, it would seem that the duty of the trustees and their connection with the fund does not end with the erection of the building but they are to continue in the management of the fund and administration of the charity, as well after the building is erected as before.

The third objection is not well taken. It is not necessary for the court to create the machinery to carry out the intention of the testator. He has done that for himself. By the terms of the will we think ample power is vested in the trustees to establish the school and carry it on, so far as the means provided will allow to effectuate the intention of the testator. But even if this were not so, the bequest would not, for that reason, necessarily fail. There is ample power in a court of equity to appoint trustees, with authority to administer the charity and carry out the trust. In the leading case of Vidal v. Girard, 2 Howard (U. S.), 127, it was held that donations for the establishment of colleges, schools and seminaries of learning, and especially such as are for the education of orphans and poor scholars, are charities, in the sense of the common law, and that under the statute, 43 Eliz., Chap. 4, such charities are not void because the beneficiaries thereof are uncertain and indefinite, and a court of equity has jurisdiction to enforce the charity for their benefit. Heuser et al. v. Harris, 42 Ill. 433.

Courts of equity take jurisdiction in carrying into effect charitable bequests, however general are the purposes and objects intended, if sufficiently certain to be intelligible, and without regard to the fact of the existence of a trustee capable of holding the legal estate. 2 Story's Eq. Jur., Sec. 1154, 8th Edition.

The fourth objection is equally untenable. We can not say that the charity is incapable of being administered, or executed and enforced according to the will of the testator. It certainly is not impossible, and if not, then the court has no right to declare the bequest void.

The doctrine is that a bequest is not void, and there is no authority in the court to construe it to be void, if by law it can possibly be made good. Perry on Trusts, 709.

It may be that the testator has not adopted the wisest mode in which to give effect to his charitable intentions. It might perhaps have been better had he made the donation unconditionally to appellee, but he did not choose to do so, and he had a right to do what he would with his own.

It is not the province of the courts to inquire into or determine whether the plan and object of the charity are the most judicious. Unless some rule of law is violated, the intention of the testator must be respected and his whishes carried out, even though it is clear that some other plan or scheme would have been wiser and better. Gilman et al. v. Hamilton et al., 16 Ill. 225.

It is urged that the will makes no provision for furnishing fuel and janitor services, or making repairs for the building, and that without these things a school could not be successfully carried on. It is true the will provides that the net income from the fund " shall be used for the purpose of paying teachers employed in said school," and it does not specifically provide for fuel, janitor services or repairs. But we are not disposed to place so narrow a construction upon the will, as to defeat the bequest for these reasons, or to hold it is impossible of being made effective because the testator did not go into minor details concerning the expenses of running the school. It is still not impossible the school could be carried on a portion of the year, when no fuel is needed, and the cases have been numerous, where scholars have done their own janitor work without expense to the school.

Questions similar in principle to those presented here, were raised in the case of Gilman et al. v. Hamilton et al., *supra*, and it was held that the insufficiency of the fund provided, was no good reason for defeating the bequest, if the intention of the donor could, to some extent, be carried into effect.

As to the proposition that the bequest is invalid because it is based upon the condition that the city of Watseka shall donate a suitable lot upon which to erect the school building, we do not agree with the contention of appellee. Nor does it seem to us that appellee has any right to raise that question. The will does not require the city of Watseka, in its corporate capacity, and by the use of public funds to procure and donate the lot. If it had, then the power of the city to make such donation for the purpose of

having a school established in its limits, might depend upon its charter, and the authority therein conferred upon the municipality, and as to this question there is nothing in the bill or the record to show what powers the city possessed.

But we think this clause in the will means nothing more than if the condition had been that the citizens of Watseka should donate the lot. It was not impossible for the city, as a muicipality, to comply with the condition without vio. lating any public law, or using public funds for the purpose. If the citizens of Watseka voluntarily raised the money to purchase a suitable lot and conveyed it to the city in trust, to be donated for the purpose of meeting the condition of the will, we fail to see wherein there would be anything illegal in the transaction. It appears from the record that this condition of the will has been complied with, by the city, and the lot has been donated and conveyed to the trustees. Whether or not the city used public funds to purchase the lot, or whether they were donated by benevolent citizens who desired the condition complied with does not appear. The donation may have been perfectly legal, and the bequest is not to be declared void because the testator may have ignorantly contemplated an act beyond the power of the city.

The bequest can be made good, without the doing of any illegal act on the part of the city, and we are not authorized to hold it void.

For the reasons given the decree will be reversed and the cause remanded, with directions to the Circuit Court to dismiss the bill.