LILLIAN E. JUDKINS, executrix, *vs.* THE HYANNIS PUBLIC LIBRARY ASSOCIATION.

Suffolk. December 8, 1938. — February 28, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Trust,* Charitable, Resulting. *Devise and Legacy,* Charitable trust. *Contract,* Implied. *Practice, Civil,* Parties.

The residuary legatee under a will could not maintain an action of contract to recover money given by the will to the defendant for a public charitable purpose but not so applied by the defendant within a reasonable time.

CONTRACT. Writ in the Superior Court dated February 25, 1938.

A demurrer was sustained by *Hanify,* J. The plaintiff appealed.

*P. M. Swift,* (*D. J. Fern* with him,) for the plaintiff.

*J. M. Swift,* for the defendant.

DOLAN, J. This is an action of contract in which the plaintiff, as she is executrix of the will of the residuary legatee under the will of Edward L. Eagleston, late of Barnstable, deceased, seeks to recover from the defendant $8,000 bequeathed to the defendant by Edward L. Eagleston in his will, which was allowed on September 20, 1913. He will hereinafter be referred to as the testator.

The declaration is in three counts. The material allegations of the first and second counts may be summarized as follows: Under the tenth paragraph of his will the testator made the following bequest: "To the Hyannis Free Public Library Association I give and bequeath the sum of eight thousand dollars . . . for the purchase of a lot of land and the erection of a Library Building in the Village of Hyannis upon the express condition that the Library Building so erected shall be called and designated the Eagleston Library. While the Trustees of said Library Association may in their

discretion use a portion of said bequest in the purchase of a lot of land in said Hyannis as a site for said Library Building, it is my earnest wish and request that, if possible, the said bequest may be used entirely and exclusively in the erection of said Library Building." The residuary clause of the will reads thus: "I devise and bequeath all the rest and residue of my goods and estate, real and personal, of whatever nature and description, wherever located and situated, of which I shall die seized and possessed to my brother, Allen P. Eagleston and his heirs, absolutely and in fee simple."

The residuary legatee is now deceased and the plaintiff is executrix of his will. In accordance with the tenth paragraph of the testator's will, the executors thereunder paid to the defendant $8,000 on or about January 6, 1915. The defendant "has neither purchased a lot of land nor erected a library building in the village of Hyannis which is designated as the Eagleston Library, as required by said bequest of said Edward L. Eagleston, although it has had a reasonable time to do so."

The third count was a common count for money had and received by the defendant to the plaintiff's use.

The judge sustained the demurrer filed by the defendant on five of the grounds stated, to the effect that the plaintiff has no standing to bring her action against the defendant "in the matters set forth in her declaration," and that the matters contained in the several counts of the declaration are insufficient in law to enable the plaintiff to maintain the action, and do not set out a legal cause of action. In the order sustaining the demurrer the judge stated that count 3 was a common count and that no bill of particulars was filed with the writ when entered. See G. L. (Ter. Ed.) c. 231, § 14; *Brocklehurst & Potter Co.* v. *Marsch,* 225 Mass. 3, 11.

The defendant is a public charitable corporation, and the legacy is one for public charitable uses. *Drury* v. *Natick,* 10 Allen, 169. *Bartlett, petitioner,* 163 Mass. 509, 515. *Minns* v. *Billings,* 183 Mass. 126. Since the gift created a valid trust for charity the plaintiff's testator had

no interest in the legacy after its payment to the defendant. *Sanderson* v. *White*, 18 Pick. 328. *Kirwin* v. *Attorney General*, 275 Mass. 34, 42. "Charitable uses are favorites with courts of equity." *Bowditch* v. *Attorney General*, 241 Mass. 168, 176. It has long been established that gifts to charitable uses will be sustained, "and where a literal execution may become impracticable or inexpedient, in part or even in whole, . . . [they] will be carried into effect so as to accomplish the general purpose of the donor, as nearly as circumstances will permit, and as such general charitable intent can be ascertained. From this view of the law governing gifts in trust to charitable uses, it is manifest that no neglect, misapplication of funds, or other breach of trust, will give a right to the heirs at law to call upon a court of equity to declare a resulting trust for themselves." Shaw, C.J., in *Sanderson* v. *White*, 18 Pick. 328, 333–334. It would appear that even in cases of such neglect or breach of trust, the heirs or other representatives of a testator could not recover in an action at law for their own use funds so dedicated to charitable purposes.

It is also settled that it is the exclusive function of the Attorney General to "enforce the due application of funds given or appropriated to public charities within the commonwealth, and prevent breaches of trust in the administration thereof." G. L. (Ter. Ed.) c. 12, § 8. The rule whereunder this function resides exclusively in the Attorney General "has been held applicable to cases of donors or grantors of property devoted to charitable uses . . . [and] to heirs or other representatives of such donors or grantors." *Dillaway* v. *Burton*, 256 Mass. 568, 573–574, and cases cited.

The cases cited by the plaintiff concern writs of entry to obtain possession of land for breach of conditions subsequent set up by grantors or others and have no application to the facts in the case at bar.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*