TRUSTEES OF THE PUBLIC LIBRARY OF MELROSE *vs.* CITY OF MELROSE & another
(and a companion case between the same parties).

Suffolk.    January 3, 1944. — June 27, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Trust,* Charitable trust, Identity of trustee, Trustee's bond.  *Municipal Corporations,* Charitable trusts, Public library.  *Melrose.*

Wills respectively containing bequests "to the Trustees of the Public Library in Melrose" to be used for its purposes, and "to the Trustees of the Melrose Public Library for the time being and their successors . . . the principal thereof to be held and invested by said trustees" and the income therefrom to be used for the benefit of the library "as the said trustees shall . . . deem wise," the city not having a board of commissioners of trust funds, gave title to the bequeathed funds to the trustees of the public library appointed under §§ 38, 39 of the city charter, St. 1899, c. 162, not to the city, and the trustees, not the city treasurer, had custody and control of such funds with full power of management and disposition in accordance with the terms of the bequests.

Trustees of a municipal public library holding for its benefit property bequeathed to them in trust by a will are not required to give bond by G. L. (Ter. Ed.) c. 205, § 1.

TWO BILLS IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 15, 1943, against the city of Melrose and the Attorney General.

The cases were reserved by *Cox,* J., for determination by the full court.

*F. W. Campbell,* for the plaintiffs.

*H. E. Cryan,* for the city of Melrose, submitted a brief.

DOLAN, J.    These are two bills in equity brought by the trustees of the public library of the city of Melrose for instructions as to their powers concerning two legacies, one contained in the will of Sarah A. Chever and the other in

that of Sarah Frances Dyer. The cases were heard on the bills and answers by a single justice of this court. In each case the Attorney General submitted "his rights therein for the determination of . . . [the] court." The single justice reserved the cases at the request of the parties for the determination of the full court. Since the governing principles are the same in each case we consider them together.

Sarah A. Chever died testate on September 8, 1908. She had been a resident of Melrose for many years prior to her death. By the eleventh clause of her will she provided as follows: "I give and bequeath to the Essex Institute of Salem, Massachusetts and to the Trustees of the Public Library in Melrose, Massachusetts, the sum of five hundred dollars each, to be used for the general purposes of said institutions." Her will was allowed on September 30, 1908. The bequest was to take effect upon the termination of a trust created by her of her residuary estate, and in 1934 the trustee under her will paid the legacy to the then trustees of the Melrose public library, who accepted the same and deposited it in a savings bank in "the name of the Trustees of the Melrose Public Library." The deposit still remains in the savings bank together with accrued dividends.

Sarah Frances Dyer died testate September 21, 1936, having been a resident of Melrose for many years prior to her death. Her will was allowed and by its ninth clause she provided as follows: "I give to the Trustees of the Melrose Public Library for the time being and their successors, the sum of One Thousand Dollars ($1000.00), in memory of my late husband, Jabez S. Dyer, the principal thereof to be held and invested by said trustees, and the income therefrom to be used for the benefit of said Library in such ways as the said trustees shall, in their judgment, deem wise." In October, 1937, the executor of the will paid the legacy to the then trustees of the library who accepted it and dealt with it in the same manner as they dealt with the Chever bequest.

The plaintiffs seek to be instructed in each case whether they have the right to retain the custody and control of the fund in question as trustees thereof with the power to invest

the same and to make payments therefrom in accordance with the terms of the bequest.

The city of Melrose was incorporated under the provisions of St. 1899, c. 162, which was accepted by the inhabitants of the town of Melrose in 1900.   Sections 38 and 39 of title 7 of the charter, as amended, provide so far as here material as follows: "Section 38.   A board of trustees of the public library, to consist of six persons, is hereby established, which shall have control of the public library department.   Section 39.   The mayor first chosen after the acceptance of this act, shall as soon as may be convenient appoint, subject to confirmation by the board of aldermen, six persons to be trustees of the public library . . ..   Vacancies occurring in said board of trustees shall be filled by the mayor, subject to confirmation by the board of aldermen.   The mayor may at any time remove any of said trustees from office for cause.   Said trustees shall have the management and control of the public library of said city of Melrose and the expenditure of all moneys which may be appropriated by said city for said library, and of all moneys which may come into the possession of said city for the benefit of said library . . .."   The plaintiffs were duly appointed as trustees of the library in accordance with this statute.   The only ordinance of the city pertaining to the management, control, custody and investment of trust funds is § 1 of c. 6 of its revised ordinances of 1932 as amended in 1935, which provides in part as follows: "Section 1.   The City Treasurer shall receive, receipt for and have the care and custody of the current funds of the city from the time the same shall come into his possession and also all moneys, properties and securities which may be placed in his charge by virtue of any statute, ordinance, gift, devise, bequest or deposit, including cemetery trust funds. . . . The City Treasurer may invest in such securities as are legal investments for savings banks in the Commonwealth of Massachusetts all monies received by virtue of any gift, devise or bequest, including cemetery trust funds, and may sell, with the approval of the Mayor, any of said securities and invest and reinvest the proceeds thereof in the manner above set forth."   The city has never

created a board of commissioners of trust funds under the provisions of G. L. (Ter. Ed.) c. 41, § 45, or under the earlier statutes embodied in that section.

The city contends that under its charter the trustees are an instrumentality of the city, and really form a department of the city, citing *Trustees of the Boston Public Library* v. *Rector of Trinity Church*, 263 Mass. 173, and that therefore the title to the funds in question vested in the city and should be in the custody and control of its treasurer since it is his duty under G. L. (Ter. Ed.) c. 41, § 35, as amended, to receive and take charge of all money belonging to the city and to pay over and account for the same according to the order of the city or its authorized officers and that no other person shall pay any bills of any department.

We do not concur in the contentions of the city. It is unnecessary to decide whether the trustees of the library constitute a department of the city. We are of opinion that just as in *Trustees of the Boston Public Library* v. *Rector of Trinity Church*, 263 Mass. 173, where it was held that the trustees of the public library of the city of Boston were a department of the city within the meaning and intent of the testator, that result having been reached by the application of the familiar rule that the intention of a testator is to be ascertained from a reading of the will as a whole in the light of the circumstances known to him at the time of its execution and that when so ascertained it shall be given effect unless some positive rule of law prevents, so in the present cases the intent of the respective testatrices must be so ascertained and given effect if possible. And if it was their intention to select for their trustees those public officers who for the time being might be the trustees of the library, we see nothing in the city charter or ordinance or statute hereinbefore referred to, and know of no positive rule of law, that prevents the carrying out of these intentions.

It is settled that the court is not at liberty to alter the scheme of a testator "either as to the objects of the charity or the agents by whom it is to be administered, unless it appears to be impossible to carry out his scheme according to its terms." *Fellows* v. *Miner*, 119 Mass. 541, 546. In

the present cases it is fair to presume that each of the testatrices, in making the bequest in question for the public charitable purpose, carefully considered the subject of administration and thought it wise to select for her board of trustees those public officers who have in their special charge the administration of the affairs of the library and the duty of superintendence thereof. *Cary Library* v. *Bliss*, 151 Mass. 364. See also *Attorney General* v. *Parker*, 126 Mass. 216, 220; *Boston* v. *Doyle*, 184 Mass. 373, 381, 382; *Adams* v. *Plunkett*, 274 Mass. 453, 459, 460. In each of the present cases the testatrix could have given the bequest in trust directly to the city, in which case its treasurer would be entitled to the custody of the fund, but even then under the provisions of the charter above referred to the trustees of the library would have "the management and control" of the library and the expenditure of the fund coming into the possession of the city for the benefit of the library. In the present cases, however, we are of opinion that the testatrices did not intend that the title to the respective legacies in question should vest in the city itself, but on the contrary selected the public officers, who for the time being should be the trustees of the library, to have title to the funds bequeathed and to administer the respective trusts in accordance with the terms of the bequests. See *Boston* v. *Dolan*, 298 Mass. 346, 352. In *Bartlett, petitioner*, 163 Mass. 509, the testator made several gifts in trust including gifts to the municipality and other legatees. Among these was a bequest "to the Trustees or the Treasurer of the Rockport Public Library . . . in trust" (page 516), and the court said that "these legatees . . . have the lawful power to take the money for the purposes indicated" (page 517).

The language used by the testatrix Dyer in providing for the bequest to the trustees of the public library and their successors, and in providing that it be held and invested by said trustees and the income therefrom used for the benefit of the library in such way as they shall in their judgment deem wise, is clear and explicit. Manifestly the intention of the testatrix was that the trustees and their successors should be the custodians of the fund and that the adminis-

tration of the income of the trust created by her should rest in their judgment, not in that of the city.

The testatrix Chever by the eleventh clause of her will bequeathed the legacy in question to the trustees of the library to be used for the general purposes of the library. She knew how to make a gift directly to the city for in the ninth clause of her will she made a bequest in memory of Samuel E. Sewall and Harriet W. Sewall of $1,500 "to the Town of Melrose, to hold in trust and to apply the income thereof to the improvement of the public park called 'Sewall Woods.'" A study of her will as a whole in the light of the governing principles already discussed satisfies us that it was her intention that the legal title to the fund bequeathed to the trustees of the library should vest in them in trust for the purposes declared in the bequest, and be so administered by them and not by the city. See *Boston* v. *Dolan*, 298 Mass. 346, 352.

It follows from what we have said that under the terms of the respective wills the title to the bequests in question is vested in trust in the trustees of the public library of the city of Melrose (see *Wilson* v. *Stump*, 310 Mass. 614, 616) and that they are entitled to the custody and control of the funds bequeathed, with full power of management and disposition thereof in each case in accordance with the terms of the trust. We are of opinion that the provisions of G. L. (Ter. Ed.) c. 205, § 1, relative to giving bond by trustees under a will holding property for public charitable purposes do not apply in cases, as here, of gifts in trust to public officers as a board of trustees to be administered in furtherance of the affairs of the library in their special charge.

A decree is to be entered in each case by a single justice of this court instructing the plaintiffs in accordance with this opinion.

*So ordered.*