IN RE ESTATE OF EDWARD OWENS.

RALPH PEAK et al., appellants; DON L. BERRY et al., trustees, and Simpson College, appellees.

No. 48263.

(Reported in 57 N.W.2d 193)

March 10, 1953.

Dale Ewalt, of Indianola, for appellants.

Watson & Herrick, of Indianola, for trustees-appellees, and F. P. Henderson, of Indianola, for Simpson College, appellee.

OLIVER, J.—Edward Owens, a resident of Warren County, Iowa, died in 1943. His will provides:

"VII. All the remainder of my estate, both real and personal, I give, devise and bequeath to J. A. Pendry, Don L. Berry, and one member of the Board of Supervisors of Warren County, Iowa, to be selected by the Court, as Trustees and I direct that they use the same for the education of poor children of Warren County, Iowa, and I request that they be given full power to carry out all the provisions of this trust."

The trustees qualified and proceeded to administer the trust. One trustee died and a successor was appointed. May 16, 1952, the trustees filed a report and accounting to January 1, 1952, together with the application here involved. The trust estate consists of agricultural and coal land in Warren County, Iowa, land in Florida and personal property. It is valued at approximately $50,000. Gross income of the trust estate to January 1, 1952, totaled $32,495.98; disbursements totaled $30,566.18. During this period payments from net earnings were made for certain educational expenses of about twenty-five minors.

The controversial part of the application states in part:

"4. That it is the opinion of these trustees that the assets of the trust should be placed in the custody of some permanent institution rather than left to be administered by trustees to be appointed from time to time who of necessity, after a few years, will be persons who are not acquainted with the testator nor with any knowledge of its disposition or his probable desires. That your trustees also believe that it will be an advantage to end the necessity for the trustees to make reports to the court and thereby incur expense.

"5. That your trustees believe that all of the assets herein should be transferred to Simpson College of Indianola, Iowa, for the permanent custody and administration of the assets. That they believe that said transfer should be an absolute transfer with the authority on the part of the said Simpson College to either hold the real property intact as it is, or to sell the same without restrictions, but that the principal of said assets should be used as a permanent scholarship endowment with the following conditions: * * *."

The conditions were: benefits to be limited to young people of Warren County, to four years per beneficiary, and to tuition, except as to books and apparel for grade and high school children; unused annual earnings to be added to principal or used in future or used to improve farm; expenses of administration and upkeep of farm to be first paid; 25% of earnings to be available for grade and high school children or professional or technical courses not available at Simpson College; trust property not to be encumbered as security for operating expenses of Simpson College.

The trustees prayed that the report be accepted, that they be authorized to turn over the real and personal property of the trust to Simpson College, and that they be discharged. Simpson College filed its consent to accept the assets of the trust under the conditions set out in the application. This part of the application was resisted.

The judgment of the trial court granted the application, ordered the trustees "to transfer by absolute transfers and not in trust all the real estate in their hands to Simpson College", to assign to Simpson College the coal lease, and after paying court costs and expenses to turn over to Simpson College the balance of the trust assets, and upon the completion of such transfers to make "a report of distribution", and apply for an order discharging the trustees and releasing the surety on their bonds. From this part of the judgment, resisters prosecute this appeal. The accounting to January 1, 1952, by the trustees was not questioned in the trial court and no appeal was taken from the part of the judgment approving such accounting.

I. This trust is for the education of poor children of Warren County. Hence, it is a charitable trust. Restatement of the Law, Trusts, section 370 and section 375. The fundamental distinction between private trusts and charitable trusts is that the beneficiaries of a private trust are specified persons; whereas in the case of a charitable trust, property is devoted to purposes beneficial to the community. Restatement of the Law, Trusts, page 1091; 14 C. J. S., Charities, section 39, page 474 et seq.; 10 Am. Jur., Charities, section 5, page 588. This is an active trust. It is not contended its administration is impossible or

impracticable. The reasons stated for transferring the assets absolutely to Simpson College are: a permanent institution should be given custody of the property rather than future trustees unfamiliar with testator and his desires; and the transfer will end the necessity and expense of making reports to the court.

The court directed the trustees to transfer the trust assets, absolutely and not in trust to Simpson College, and to terminate the trust. That would destroy the trust. It has been said the jurisdiction of the court may always be invoked for the conservation of a trust, but never for its destruction. Cuthbert v. Chauvet, 136 N. Y. 326, 32 N.E. 1088, 18 L. R. A. 745. Olsen v. Youngerman, 136 Iowa 404, 412, 113 N.W. 938, 941, states:

"Courts of chancery, in the exercise of their supervisory powers may dissolve trusts before the expiration of the terms for which created, but such power will not be exercised save in exceptional cases, as where impossible of performance because of conditions unforeseen or where the estate has vested and all parties in interest consent, and other similar situations."

Counsel for the trustees cite Karolusson v. Paonessa, 207 Iowa 127, 222 N.W. 431. That case merely holds the practically unlimited discretion given the widow (life tenant) to dispose of the corpus of the estate for the support of testator's adopted daughter empowered the widow to convey the entire estate to the daughter. Nor is the situation in the case at bar comparable to cases cited where the trust gives the trustee discretionary power to terminate. Other authorities cited by counsel involve the termination of trusts by consent of beneficiaries. Here there was no consent.

The trust estate does not belong to the trustees absolutely. As trustees of the charitable trust their duties are similar to the duties of the trustee of a private trust. Restatement of the Law, Trusts, section 379. They may not properly be directed or empowered by the court to abdicate their offices and duties by giving the trust estate to Simpson College. Cary Library v. Bliss, 151 Mass. 364, 25 N.E. 92, 93, 7 L. R. A. 765; Page v. Natural Gas & Fuel Co., 8 Cir., Ark., 35 F.2d 462, 464; 54 Am. Jur., Trusts, section 434, page 345. No grounds have

been shown for the dissolution of the trust by a court of equity. See 54 Am. Jur., Trusts, sections 78 to 87, pages 80 to 86. We hold the trial court should have denied the application of the trustees for instructions to transfer the trust assets and dissolve the trust. See Trustees of Public Library v. City of Melrose, 316 Mass. 584, 56 N.E.2d 131, 133; Grundy v. Broome, Tex. Civ. App., 90 S.W.2d 939, 941.

II. The application for instructions to transfer the assets and dissolve the trust was resisted by three members of the Board of Supervisors and of the County Board of Social Welfare, in behalf of the poor children of Warren County, and also by an attorney appointed by the court as guardian ad litem for all parties who might be under legal disability, and appointed for all parties protected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C., section 501 et seq. The attorney general of Iowa was not brought into the proceeding.

■■ It is stated in 5 Am. Jur., Attorney General, section 17, page 246:

"Where, however, a will makes provision for a public charity or charitable trust, the decisions are in general accord as to the right of the attorney general to represent the public. A charitable trust is of public concern and the attorney general is the protector of the interests of the public, or, what is the same thing, of the indefinite and fluctuating body of persons who are the cestuis que trust. If the charity is of a public character, he is the proper person to institute proceedings for its enforcement * * *; he may come into the suit by intervention, or he may be made a party defendant as representing the public interests."

Substantially the same rule is stated or recognized in Restatement of the Law, Trusts, section 391; 10 Am. Jur., Charities, section 115.5, pages 668, 670; 14 C. J. S., Charities, section 58b, pages 524, 525; 14 C. J. S., Charities, section 62b, pages 528, 529; and annotations in 62 A. L. R. 881 and 124 A. L. R. 1237. Reference is here made to the general rule only. It is unnecessary to consider the exceptions to the rule or variances or conflicts in decisions of other courts.

The reason for the rule is said to be that where the charity is for the benefit of the public at large or a considerable portion of it and the language of its creation is such that no particular individuals can be pointed out as the objects to be benefited by it, the necessity of the case requires a holding that the representative of the public is the only party capable of vindicating the public's rights therein, since no individual can come forward and point to himself as the designated object of the charity's benevolence. In general, the rule is applicable only when the beneficiaries are not definitely designated. See Dickey v. Volker, 321 Mo. 235, 11 S.W.2d 278, 62 A. L. R. 858; Cannon v. Stephens, 18 Del. Ch. 276, 159 A. 234; In re Estate of Grblny, 147 Neb. 117, 22 N.W.2d 488, 494.

The rule was applied by the late Judge Scott in Schell v. Leander Clark College, D. C. N. D., Iowa, 10 F.2d 542, which held the attorney general should institute or be made a party to that suit. In the case at bar the issue was whether the assets of the charitable trust should be diverted and the trust dissolved. The concern of the state in the preservation of the public charity was such as to require that the attorney general be made a party to the proceeding. However, our holding, hereinbefore stated, that the application of the trustees should have been denied makes such procedure unnecessary.

The judgment is reversed and the case is remanded for judgment denying the parts of the application in controversy.—Reversed and remanded.

All JUSTICES concur.