IRENE KLETZING AMUNDSON et al., appellants, v. KLETZING-MCLAUGHLIN MEMORIAL FOUNDATION COLLEGE, an Iowa corporation, Leo A. Hoegh (now Dayton Countryman) as Attorney General of the State of Iowa, appellees.

No. 48757.

(Reported in 73 N.W.2d 114)

NOVEMBER 15, 1955.

Life & Davis, of Oskaloosa, and H. E. DeReus, of Knoxville, for appellants.

Ned P. Gilbert, of Oskaloosa, for appellee Kletzing-Mc-Laughlin Memorial Foundation College.

Dayton Countryman, as Attorney General of the State of Iowa, appellee, pro se.

GARFIELD, J.—Plaintiffs are the widow and five of the six sons and daughters of a deceased donor to defendant nonprofit corporation which operated a college from 1936 to 1951. This appeal presents the question whether plaintiffs have standing to maintain this action in equity for declaratory and other relief against the corporation which it is claimed has failed to function according to its charter and ceased to operate the college. We affirm the trial court's decision they have no such standing.

The case comes to us upon plaintiffs' appeal from a dis-

missal of the action following an adjudication of law points under rule 105, Rules of Civil Procedure, after issues were joined and before trial. We gather the facts from the well-pleaded allegations of the petition and those of the answer which plaintiffs admit. See Buckley v. Deegan, 244 Iowa 503, 504, 505, 57 N.W.2d 196, 197; Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1193-1195, 24 N.W.2d 751, 753, 754.

Defendant nonprofit corporation was formed in April 1936, to organize and operate in Mahaska County a college of liberal arts perpetuating the memory of Henry F. Kletzing and a training institution for ministers and Christian workers perpetuating the memory of George A. McLaughlin. In May 1936 E. L. Kletzing, since deceased, and his wife, Jessie M. Kletzing, a plaintiff herein, conveyed to defendant by warranty deed the real estate on which the college was situated. The only restriction in the deed is that the property should not be encumbered by mortgage or other lien, in violation of which it should revert to the grantors or the survivor of them and their heirs. No violation of this provision is claimed.

In February 1946 E. L. and Jessie M. Kletzing conveyed to the Christian Witness Association of Indiana, also a nonprofit corporation, all their title, rights and interests in Kletzing-McLaughlin Memorial Foundation College, the property deeded to it in May 1936, and all other property, real and personal, they had donated or might in the future donate to said college. In this conveyance to the Indiana corporation the grantors also authorized and instructed its officers to take any and every action necessary to protect the grantors' title, rights and interest in said college and to see that "the conditions precedent" of their gifts and the provisions of the articles of incorporation are carried out. This Indiana corporation is not a party to the instant suit.

The petition alleges that in 1951 defendant college failed to function according to its charter, ceased to operate, wrongfully abdicated its duties and transferred to strangers its property received in trust from E. L. Kletzing and wife. It is also alleged the action involves a charitable trust of a public nature and the state attorney general is made a defendant.

The petition asks that the court declare the duties of defendant college under its charter, an accounting of its property and assets be required, a receiver be appointed to recover its property and assets and carry on the functions prescribed by said charter, and for such other relief as may be proper including the impression of a resulting trust on the property and assets of the college if it is determined it cannot carry on its functions "or there is a violation of said trust concerning the property received from E. L. Kletzing."

In its adjudication of law points under rule 105, Rules of Civil Procedure, the district court held plaintiffs, as members of the public or as donor and heirs of a deceased donor, have no standing to maintain the action since they have no property or other special interest or right in the claimed trust. As before stated, we agree with the trial court.

It is well settled that the promotion of education is a charitable purpose. In re Will of Hagan, 234 Iowa 1001, 1007, 14 N. W.2d 638, 641, 152 A. L. R. 1296, 1301, and citations; In re Estate of Owens, 244 Iowa 533, 536, 57 N. W.2d 193, 194; In re Estate of Pierce, 245 Iowa 22, 35, 60 N. W.2d 894, 902. We will assume as plaintiffs contend, without so deciding, the property conveyed to defendant college by E. L. Kletzing and wife was held by it in trust for charitable purposes of a public nature. A charitable trust is one in which property is devoted to purposes beneficial to the community. In re Estate of Owens, supra, and citations; Fairbanks v. City of Appleton, 249 Wis. 476, 482, 24 N. W.2d 893, 895.

It appears from the pleadings plaintiffs have no property interest in defendant college. As stated, the deed from E. L. Kletzing and wife to the college contains no provision for reverter except for breach of a condition it is not claimed has occurred. Thus for present purposes it is an absolute conveyance of the legal title to the college and, we assume, of the equitable interest to the people of the community. If any rights to the college or its property had remained in the grantors after the deed to defendant was made in 1936 such rights would have passed to the Indiana corporation by the deed to it in 1946.

The settlor of a trust or his heirs cannot sue to enforce the trust unless there is some reservation or condition

which amounts to a property interest therein. In most of the decisions which recognize the right of the settlor or his successors to enforce their rights upon failure of a trust there existed a remainder or reversionary interest in the event of such failure.

Plaintiffs' only interest in the college is a sentimental one which is not sufficient basis for enlisting aid of the court, however laudable their purpose may be in seeking such aid. No financial or other advantage which the law recognizes will accrue to plaintiffs from execution of the trust. Nor have they suffered any financial loss from the matters of which they complain. The mere fact that as members of the public they may benefit from enforcement of the trust does not entitle them to sue.

Numerous authorities support the above views. Without attempting to cite them separately for each statement we have made we note the following in support of what we have just said: Greenway v. Irvine, 279 Ky. 632, 131 S.W.2d 705, 124 A.L.R. 1229, 1234–1236, and annotation 1237; Dickey v. Volker, 321 Mo. 235, 11 S.W.2d 278, 62 A. L. R. 858, and annotation 881; Gredig v. Sterling, 5 Cir., Tex., 47 F.2d 832, certiorari denied 284 U. S. 629, 52 S. Ct. 13, 76 L. Ed. 535; Judkins v. Hyannis Public Library Assn., 302 Mass. 425, 19 N.E.2d 727; Dillaway v. Burton, 256 Mass. 568, 153 N.E. 13, 16; MacKenzie v. Trustees of Presbytery of Jersey City, 67 N. J. Eq. 652, 61 A. 1027, 3 L. R. A., N. S., 227; Fairbanks v. City of Appleton, supra, 249 Wis. 476, 484, 24 N.W.2d 893, 897; Restatement, Trusts, section 391; 2A Bogert's Trusts and Trustees, section 415; 10 Am. Jur., Charities, sections 116, 118; 14 C. J. S., Charities, section 58d, page 526 ("* * * where the donor has effectually passed out of himself all interest in the fund devoted to a charity, neither he, nor those claiming under him, have any standing in a court of equity as to its disposition and control.").

Our attention has not been called to any Iowa precedent closely in point. However Lupton v. Leander Clark College, 194 Iowa 1008, 187 N.W. 496, and Beidler v. Dehner, 178 Iowa 1338, 161 N.W. 32, lend support to our decision. The Lupton case points out (page 1018 of 194 Iowa, page 500 of 187 N.W.) that in Curtis & Barker v. Central University of Iowa, 188 Iowa 300, 176 N.W. 330, cited by plaintiffs here, one of the conditions of the

gift was that the failure of the donee to comply with any of the conditions of the trust should work a forfeiture of the fund and it would revert to and become the property of the donors, their heirs, representatives, or assigns.

Plaintiffs contend the fact they made the state attorney general a defendant gives them standing to maintain the action. The contention is without merit. The attorney general has not asked any of the relief plaintiffs seek. He has filed no pleading and asked no relief of any kind although the case was pending in the district court some eight and one-half months after he was made a defendant.

Subject to some exceptions which need not be considered now it is almost universally held that since the community is interested in the enforcement of a charitable trust a suit asking such relief can be maintained by the attorney general. In re Estate of Owens, supra, 244 Iowa 533, 538, 539, 57 N.W.2d 193, 195, and citations. And see other authorities heretofore cited. In explaining the reason for the rule the Owens case states "the representative of the public is the only party capable of vindicating the public's rights" in the trust.

No authority has come to our attention that supports the position parties who themselves have no standing to maintain such an action as this may do so by merely making the attorney general a defendant. This very question is considered at great length in Dickey v. Volker, supra, 321 Mo. 235, 11 S.W.2d 278, 62 A. L. R. 858, a leading case which In re Estate of Owens, supra, cites. Dickey v. Volker concludes on this question (page 871 of 62 A. L. R.) : "If the appellant is without authority to institute the suit, the unwilling presence of the Attorney General as a party defendant does not confer that authority upon him."

14 C. J. S., Charities, section 58d, page 525, states: "One not interested directly in the administration of a charitable trust cannot maintain a legal proceeding for an accounting or the control of the administration of said charity, * * * and the fact that the attorney general is joined as a party defendant is of no import."

The situation here is entirely different from such cases as Stowell v. Prentiss, 323 Ill. 309, 154 N.E. 120, 50 A. L. R. 584,

where the attorney general by intervention joined with plaintiffs and adopted their petition.

Plaintiffs' petition asks by way of alternative relief that a resulting trust in their favor be impressed upon the property of the college if it be determined it cannot carry on its functions. According to some authorities, under certain conditions where the charitable purpose for which property is held in trust cannot be accomplished the trustee will be required to hold it upon a resulting trust for the donor or his estate. Restatement, Trusts, section 413; 89 C. J. S., Trusts, section 103, page 953; 54 Am. Jur., Trusts, section 154.

Other authorities hold that in case of a charitable trust "no neglect, misapplication of funds, or other breach of trust, will give a right to the heirs at law to call upon a court of equity to declare a resulting trust for themselves." Sanderson v. White, 35 Mass. (18 Pick.) 328, 333, 334, 29 Am. Dec. 591, 593; Judkins v. Hyannis Public Library Assn., supra, 302 Mass. 425, 19 N.E.2d 727, 729.

It appears here the charitable purpose of the trust, if it was such, was carried out for fifteen years. Plaintiffs tell us in argument the trustees of the college then turned over its property to the Chicago Evangelistic Institute, an Illinois corporation. It is doubtful at best if such transfer is a sufficient showing the charitable purpose of the claimed trust cannot be accomplished in order to give rise to any resulting trust, in view of the conceded fact defendant college functioned effectively until 1951. See Restatement, Trusts, section 401, and comment a thereunder; Fairbanks v. City of Appleton, supra, 249 Wis. 476, 484, 24 N.W. 2d 893, 897.

In any event we are clear that any right of reverter or to a resulting trust which may have arisen here passed to the Christian Witness Association of Indiana by the deed to it and no such right remains in these plaintiffs. Section 557.3, Code, 1954; Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 577, 1 N.W.2d 721, 730, and citations; State ex rel. State Historical Society v. Carroll, 261 Wis. 6, 21, 22, 51 N.W.2d 723, 730, 731; Restatement, Property, section 159.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.